Assaf MOUHANNA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–74123, A77–393–085.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Amos Lawrence, Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, WWS—District Counsel, Seattle, WA, Robbin K. Blaya, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM**

Assaf Mouhanna, a native and citizen of Lebanon, petitions for review of a final order of the Bureau of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his application for asylum, withholding of removal, voluntary departure, and protection under the Convention Against Torture (CAT).[1]

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Mouhanna failed to present his claim for relief under CAT to the BIA and, therefore, has failed to exhaust his administrative remedy with respect to his CAT claim. *Guo v. Ashcroft,* 361 F.3d 1194, 1199 n. 1 (9th Cir. 2004). Accordingly, we do not have jurisdiction to consider Mouhanna's claim for relief under CAT.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc). And either must be on account of a protected ground. *Id.*

Here, the BIA exercised its power to conduct a de novo review of the record, so our review is limited to the decision of the BIA. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2003). Because the BIA's decision was silent on the issue of credibility, despite the IJ's explicit adverse credibility finding, we presume that the BIA found Mouhanna to be credible. *Damaize–Job v. INS*, 787 F.2d 1332, 1338 (9th Cir.1986).

Mouhanna does not contend he experienced anything rising to the level of persecution prior to leaving Lebanon. He is "not entitled to a presumption of a well-founded fear of future persecution, but he may independently establish a well-founded fear of future persecution." *Himri v. Ashcroft*, 378 F.3d 932, 935 (9th Cir.2004). To establish a well-founded fear of future persecution, Mouhanna needs to demonstrate that he subjectively fears persecution and that the fear is objectively reasonable. *Khup v. Ashcroft*, 376 F.3d 898, 904 (9th Cir.2004). "[E]ven a ten percent chance of persecution may establish a well-founded fear." *Id.* (internal quotation marks omitted); *Lim v. INS*, 224 F.3d 929, 934 (9th Cir.2000).

Substantial evidence supports the BIA's finding that Mouhanna did not sustain his burden of demonstrating that he has a well-founded fear of future persecution in Lebanon based on his involvement with the Difaa Shaabi, a civilian political branch of the Lebanese Forces. Mouhanna was never personally confronted, threatened, or harmed as a result of his affiliation with the Difaa Shaabi. *See Abede v. Ashcroft*, 379 F.3d 755, 758–59 (9th Cir.2004); *Castillo v. INS*, 951 F.2d 1117, 1121–22 (9th Cir.1991). Nor does any of the other evidence submitted by Mouhanna compel a finding of a well-founded fear of future persecution.

Because Mouhanna did not meet the eligibility requirements for asylum, he is not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) either. *See Ghaly*, 58 F.3d at 1429.

**PETITION DENIED.**